**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RODNEY G. CULLINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-CV-0139-CVE-PJC |
| EDWARD EVANS, Interim Director,[1] Oklahoma Department of Corrections, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss time barred petition (Dkt. # 13). Respondent also filed a brief in support of the motion (Dkt. # 14). Petitioner, a state inmate appearing *pro se*, failed to file a response to the motion to dismiss. For the reasons discussed below, the Court finds that the petition is time barred. Therefore, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice.

*BACKGROUND*

The record reflects that on April 28, 2010, in Delaware County District Court, Case No. CF-2010-29A, Petitioner Rodney G. Cullins was convicted on his negotiated pleas of guilty to Manufacture of Methamphetamine (Count 1), Maintaining a Place for Keeping/Selling Controlled Substance (Count 2), Possession of Controlled Substance (Count 3), Possession of Controlled Substance -- Marijuana 2nd (Count 4), and Unlawful Possession of Drug Paraphernalia (Count 5),

---

[1] Petitioner is in custody at the Lawton Correctional Facility, a private prison in Oklahoma. Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Edward Evans, Interim Director of the Oklahoma Department of Corrections, is the proper respondent. Therefore, Edward Evans is hereby substituted as the respondent in this case. Fed. R. Civ. P. 25(d)(1). The Court Clerk shall be directed to note such substitution on the record.

All After Former Conviction of Felonies. (Dkt. # 14-2 at 5). Pursuant to his plea agreement, Petitioner enrolled in the Drug Court program. See Dkt. # 14-1. He was advised that failure to complete the program would result in the imposition of sentences contained in the plea agreement. See id. The State subsequently moved to terminate Petitioner from the Drug Court program. Id. On October 13, 2010, the state district judge granted the State's request and sentenced Petitioner to life imprisonment and a $50,000 fine (Count 1); life imprisonment and a $1000 fine (Counts 2 and 3), ten (10) years imprisonment and a $1000 fine (Count 4), and a $100 fine (Count 5), with the sentences ordered to be served consecutively. Id. On October 22, 2010, Petitioner filed a motion to withdraw guilty pleas. Id. At a hearing held November 10, 2010, the district court denied the request.

Represented by attorney S. Gail Gunning, Petitioner perfected a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 1, Ex. 4. In an unpublished summary opinion, filed September 8, 2011, in Case No. C-2010-1113, the OCCA modified Petitioner's fine on Count 1 to $10,000, and, in all other respects, affirmed the Judgment and Sentence of the trial court. Id., Ex. 5; Dkt. # 14-1. Nothing in the record suggests that Petitioner sought certiorari review at the United States Supreme Court.

On April 25, 2012, Petitioner filed a motion for transcripts at public expense. See Dkt. # 14-2 at 8. The trial court denied the request on April 26, 2012. See Dkt. # 14-3. Petitioner appealed the denial of transcripts to the OCCA. By Order filed June 14, 2012, the OCCA affirmed the denial of transcripts. See Dkt. # 14-4. Petitioner filed a motion for rehearing. On August 23, 2012, the OCCA denied the request for rehearing based on lack of jurisdiction. See Dkt. # 14-5. On June 29, 2012, Petitioner filed a second request for transcripts in the state district court. That request was

denied on July 30, 2012. See Dkt. # 14-6. Petitioner appealed. On December 3, 2012, the OCCA dismissed the appeal as untimely. See Dkt. # 14-7.

On March 7, 2013, Petitioner filed his petition for writ of habeas corpus (Dkt. #1). He challenges the validity of his convictions, arguing that he has been subjected to double jeopardy and double punishment, that he should be allowed to withdraw his guilty pleas because they were not knowing and voluntary, and that his sentences are excessive. See Dkt. # 1.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state

3

application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on December 7, 2011, after the OCCA denied certiorari on September 8, 2011, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on December 8, 2011, and, absent a tolling event, a federal petition for writ of habeas corpus filed after December 8, 2012, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Petitioner commenced this action on March 7, 2013, or approximately three months beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the one-year period, 28 U.S.C. § 2244(d)(2), Petitioner did not seek post-conviction relief during the one-year period. Under Tenth Circuit precedent, Petitioner's efforts to obtain transcripts do not serve to toll the one-year period. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (stating that "the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions") (internal citation omitted); Osborne v. Boone, No. 99-7015, 1999 WL 203523 at *1 (10th Cir. April 12, 1999) (unpublished)[2] (holding that "attempts to obtain

---

[2]This and other unpublished opinions are cited herein for persuasive value. See 10th Cir. R. 32.1(A).

trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)"). Because the one-year limitations period was not tolled under § 2244(d)(2), Petitioner's petition for writ of habeas corpus, filed on March 7, 2013, appears to be time barred.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner did not file a response to the motion to dismiss and nothing in the record suggests that he is entitled to equitable tolling. The Court recognizes that, in his petition, Petitioner alleges that he "attempted to acquire transcripts/discovery so he could specifically perfect his appeal to the Fed. Court for habeas review - pro se." See Dkt. # 1 at 15. However, numerous courts have held that an inmate's lack of court records does not justify equitable tolling. See, e.g., United States v. Banuelos-Munoz, 182 F.3d 933, 1999 WL 314616 (10th Cir. May 19, 1999) (unpublished) (disallowing equitable tolling of the limitations period based on obstacles faced by the petitioner in obtaining a transcript in part because the facts supporting his claims had not depended on the

5

transcript); see also United States v. Pedraza, 166 F.3d 349, 1998 WL 802283 (10th Cir. Nov. 18, 1998) (unpublished) (holding that a federal prisoner was not entitled to equitable tolling of the limitations period in 28 U.S.C. § 2255 based on the unavailability of a transcript); accord Brown v. Cain, 112 F. Supp. 2d 585, 586-87 (E.D. La. 2000) (rejecting a claim of equitable tolling based on a delay in obtaining transcripts, as the petitioner had "experienced all the pretrial proceedings and the full trial; thus, the legal arguments should have been apparent to [him] without the transcripts"), aff'd, 239 F.3d 365, 2000 WL 1741564 (5th Cir. Nov.7, 2000) (unpublished); Fadayiro v. United States, 30 F. Supp. 2d 772, 780 (D.N.J. 1998) ("The delay in the receipt of free transcripts . . . is not an 'extraordinary circumstance' justifying equitable tolling of the limitations period established by the AEDPA."). Petitioner makes no argument and cites no evidence demonstrating that his delay was due to extraordinary circumstances beyond his control. Petitioner is not entitled to equitable tolling.

### *CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner

can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall substitute Edward Evans, Interim Director, as party respondent in this case.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 13) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
4. A certificate of appealability is **denied**.
5. A separate judgment shall be entered in this matter.

**DATED** this 15th day of January, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE